## Commonwealth v. Ryder et ux.

*Michael L. Brint*, Special Assistant Attorney General, for Commonwealth.

*Peter J. Nolan,* for condemnees.

McGOVERN, J., September 3, 1974.—This matter comes before the court upon preliminary objections filed by Fred W. Ryder and his wife, Doris V. Ryder, who were the owners of certain real estate condemned by the Commonwealth of Pennsylvania for the installation of a highway, commonly termed the "Blue Route." The record indicates that the property was taken April 29, 1970, a jury of view award was entered August 22, 1973, and an appeal from that award was filed by the Commonwealth September 6, 1973. The Commonwealth of Pennsylvania, on January 21, 1974, filed a rule upon Fred W. Ryder and Doris V. Ryder (hereinafter termed "condemnees"), to show cause why the Commonwealth should not receive possession of the condemnees' property. Condemnees, on January 24, 1974, filed preliminary objections to that rule. An answer to those preliminary objections was filed January 28, 1974.

While this matter has been argued and is before the court upon preliminary objections, we are somewhat hard-pressed to find procedural justification for preliminary objections to a rule to show cause why a writ of possession should not issue. The substance of these objections can, and we believe should, be argued at hearing on the rule. However, since the tenor of the Eminent Domain Code, as well as the demands of justice require the expeditious disposition of litigation, and since this court may dispose of the legal issues as well as a judge sitting at the return date of the rule, and since there is no apparent factual conflict, we, therefore, enter the following opinion.

It is interesting to note that an appeal from a district justice judgment in ejectment between the same parties as are now before this court in a second and procedurally distinct action is before this court.

That appeal has not been concluded and we do not address ourselves to the issue of whether or not the instant action or an action in ejectment before a district justice is the proper method of obtaining possession, or indeed, whether one is mutually exclusive of the other. The action now before us is, of course, the prescribed method of obtaining possession set forth in the Eminent Domain Code in section 407(a), Act of June 22, 1964, P. L. 84, as amended, 26 PS §1-407* (a).

Condemnees' preliminary objections are fundamentally rested upon the position that estimated just compensation has never been paid. It is agreed that the Commonwealth has paid to the condemnees the sum of $34,000 which the Commonwealth contends is its estimate of just compensation. A review of the record reveals that this figure was mentioned in several letters and was apparently the original appraisal by the Commonwealth. Notes of testimony from a hearing July 31, 1973, before the jury of view, elucidate further, explaining that the appraisal resulting in the $34,000 figure was accomplished September 30, 1968, a full year and a half prior to the taking. The Commonwealth's appraiser testified that he "updated" his appraisal to $40,000 on May 8, 1970, nine days after this taking. There were many letters from the Commonwealth in an apparent on-again, off-again proceeding. However, it is noted that correspondence from the Commonwealth of Pennsylvania dated May 27, 1971, offering the sum of $40,000 recognized that the condemnees were still in possession and indicated that no notice to vacate would occur within, at least 90 days from the date of that letter. It is, in fairness, noted that the letter had been preceded in May of 1970 by an offer of $34,000 from the Commonwealth with a notice to condemnees to vacate the premises. The record

becomes further clouded by a letter dated November 26, 1968, indicating all prior offers were withdrawn because the taking had been "deferred." The foregoing is intended to be indicative, and not exhaustive, of the correspondence in this matter. Finally, we find that in a pretrial statement filed by the Commonwealth in the eminent domain proceedings the Commonwealth's contention as to true market value is $40,000.

Section 407(a) provides that the Commonwealth "shall be entitled to possession or right of entry upon payment of, or a written offer to pay to Condemnee, the amount of just compensation *as estimated by the Condemnor.*" (Emphasis supplied). A written offer to pay the condemnees was made. The Commonwealth now contends that that was not its offer of estimated just compensation and that, in fact, its earlier offer of $34,000 is the statutory figure entitling it to possession.

This is not a matter where condemnees argue the inadequacy of the estimated just compensation, as was the case in Condemnation by School District of Philadelphia, 62 D. & C. 2d 496 (1972), and we do not argue with the conclusion of that case to the effect that condemnee does not have a right to refuse possession because the estimated just compensation is inadequate. The issue here however, is what *is* the condemnor's estimate of just compensation. We turn, therefore, to section 602(a) of the Eminent Domain Code, supra, which provides that:

"Just compensation shall consist of the difference between fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby. . ."

Thus, the question now turns to the Common-

wealth's estimate of that statutorily defined compensation. We find that the Commonwealth's appraiser forthrightly testified that he updated his initial appraisal which was entered two years prior to the taking, and in his expert opinion the value as defined by the code was $40,000. The Commonwealth duly communicated this figure to the condemnees and indicated in their appeal from the award from the jury of view that the fair valuation of this matter was $40,000. It seems now incomprehensible for the Commonwealth to state that its estimate of just compensation was really $34,000, which figure admittedly arose from an appraisal some two years prior to the taking and which its own appraiser found to be inaccurate. We, therefore, are compelled to the conclusion that the Commonwealth's estimated just compensation was $40,000.

By domino effect, therefore, the Commonwealth has not paid to the condemnees, or offered to pay, its estimated just compensation, and, therefore, the Commonwealth is not, under law and the Eminent Domain Code, supra, entitled to a writ of possession; and further, since the Commonwealth is not entitled to possession, its claim for rental payments must, likewise, fall.

We do not, as above indicated, enter any decision as to the Commonwealth's election of remedies or the appeal pending from the district justice's decision in another and separate ejectment proceeding.

Neither do we decide the issue of locating comparable housing required by Federal legislation and regulation. A decision as to this preliminary objection is rendered moot as a result of our previous findings.

Therefore, having considered the record, argument of counsel and the briefs submitted in this matter, we enter the following

## ORDER

The preliminary objections of condemnees, which we treat as their answer to condemnor's rule for possession, in the above-captioned action, are sustained and the condemnor is not entitled to possession, nor is it entitled to rental payment from the condemnees.